34 C.C.P.A. (Patents)

### FRANK v. HOLLERITH.

Patent Appeals No. 5236.

Court of Customs and Patent Appeals.

Feb. 11, 1947.

T. J. Plante, of South Bend, Ind. (Vernon A. Dorsey, of Washington, D. C., of counsel), for appellant.

Lloyd W. Patch, of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Interference Examiners of the United States Patent Office holding that appellant, because of lack of disclosure, is not entitled to make the count involved

in an interference proceeding, and awarding priority to appellee.

The decision of the board states that the wheel structure described in the count is "particularly intended for airplane use."

The count reads: "1. In combination with a wheel, an axle therefor and a support for maintaining said axle against rotation, bearings adjacent the ends of said wheel for supporting said wheel on said axle for rotation thereabout, a sleeve on said axle between said wheel and said axle support, a radial flange on said axle support, a ring-shaped brake member concentrically disposed about said sleeve, said sleeve being in circumferential engagement with said brake member, a supporting connection between said flange and said brake member, a second sleeve on the opposite end of said wheel splined to said axle, a second radially extending flange on said second sleeve, a second ring-shaped brake member concentrically disposed about said second sleeve, said second ring-shaped brake member being secured to said second radially extending flange, said second sleeve being in circumferential engagement with said second brake member, said bearing structures having inner and outer races, said wheel having shoulders for receiving said outer races for limiting inner movement of said outer races with respect to said wheel, one of said sleeves being in end contact with one of said inner races and the other of said sleeves being in end contact with the other of said inner races, means supported with respect to said axle for clamping said second sleeve against its engaging inner race and for axially moving said wheel to cause other inner race to clamp said first named sleeve against said axle support whereby said sleeves and brake members are maintained in fixed relation with respect to said axle and axle support while at the same time permitting rotation of said wheel."

The brief on behalf of appellant states:

"The entire argument as to readibility of the count on Frank's disclosure centers on the following excerpt from the count: 'a radial flange on said axle support.'

"In the opinion of the Board, the 'radial flange' shown by Frank is not 'on said axle support', the Board taking the position that Frank's flange is on the 'axle', rather than on the 'axle support'.

"The entire decision appealed from hinges on this single point. Both the Board of Interference Examiners and Hollerith have, in effect, conceded that in all other respects the count is readable upon Frank's disclosure.

"Frank maintains that his 'radial flange' is, in fact, on the axle support, and therefore meets the terms of the count."

Appellant thus limits the issue to the single question of whether his application discloses one element of the count—that is, a radial flange located on a structure which supports an axle.

The board held, in effect, that the radial flange disclosed by appellant is located on the axle, not on a structure which supports the axle.

The count originated in a patent, No. 2,296,671, issued to appellee September 22, 1942, upon an application, serial No. 324,527, filed March 18, 1940, it being the only claim of the patent. It was copied by appellant into his application, serial No. 473,662, filed January 27, 1943, it being a division of an application, serial No. 322,881, filed March 9, 1940, which culminated in patent No. 2,313,223, issued March 9, 1943.

Appellant, being entitled to rely upon the filing date of his original application, is the senior party. His original application was filed ten days before the filing of the application of appellee which culminated in the patent involved in the interference, and, inasmuch as the respective applications were co-pending, appellee had the burden of establishing priority by a preponderance of the evidence.

The board rendered two decisions in the case, the second being upon a request for reconsideration. The request was granted and the points therein pressed by appellant were fully discussed, after which discussion the board adhered to its original conclusion.

In both its decisions the board alluded to a motion presented by appellant to dissolve the interference. In its first decision it said, inter alia: "The party Frank filed

an interlocutory motion to dissolve on the ground that the count does not read on the disclosure of Frank's application. Neither party responding to the order to show cause issued October 13, 1943, this motion was dismissed under the principles set forth in Holmes and Robinson v. Page, 452 O.G. 3; 1935 C.D. 8. That decision holds, in brief, that an applicant can not provoke an interference with a patent, only to have it dissolved on his own lack of right to make the count, which he should have known previously."

The act of appellant so described was stressed in both decisions of the board and it is stressed in the brief for appellee before us but, inasmuch as proper determination of the case does not depend upon appellant's apparently inconsistent positions, we deem it unnecessary to dwell upon the act here.

Whatever may have been appellant's original view, it has been conceded, in effect, that if he discloses a radial flange located on the support of an axle he is entitled to prevail; otherwise he must lose.

So, the issue is a narrow and relatively simple one. It involves only physical structure which does not seem to be difficult of determination.

■ It may be said that since the count originated in the patent of appellee, if any term therein be ambiguous it must be interpreted in the light of the patent. Wheeler v. Kleinschmidt, 149 F.2d 161, 32 C.C.P.A. Patents, 975, 994. Furthermore, a limitation not expressed in the count may not be read into it by construction, nor may an express limitation be disregarded.

The term "a radial flange on said axle support" does not, as a matter of fact, seem to us to be in anywise ambiguous, and,

therefore, it does not require interpretation in this proceeding.

As stated, in substance, by the board, the count unequivocally requires an axle, an axle support, and a radial flange on the axle support. Thus three distinct physical elements must be present. That appellee disclosed these is not questioned.

In the specification of appellant's application no reference is made directly or indirectly to an axle support. In the drawings there is disclosed a member (indicated by the numeral 12) which is described in the specification as a "tubular axle." The member is integral—that is, it is one piece—and it carries a radial flange. Counsel for appellant, in substance, insists here, as finally he insisted before the board, that one portion of the integral member should be held to constitute an axle and another portion should be held to constitute a support of the axle.

■ We agree with the holding of the board that this position is untenable, upon the facts of this case, and we agree that the ruling in the case of Kreidel v. Parker, 97 F.2d 171, 25 C.C.P.A., Patents, 1242, relative to an arbitrary division of an integral member into parts, or portions, in order to supply different elements is applicable here.

We have carefully considered the contention on behalf of appellant (as illustrated by what may be called a chart claimed to show the manner in which the integral member—defined in the specification only as a tubular axle—may be divided into portions and thus made to serve the double purpose of showing an axle and a support for such axle) but we are not convinced that the argument is sound.

The decision of the board is affirmed.

Affirmed.